ON APPLICATION FOR REHEARING
hln our original opinion, we found that the defendants/appellants had untimely appealed the trial court’s decision. In their application for rehearing, which is incorrectly described by counsel as an application for “reconsideration,” Patin Group, asserts that they did appeal timely because the notice of judgment sent to them by the minute clerk of Judge Paulette R. Irons is dated 3 May 2012, a Thursday, yet the envelope in which the notice was mailed bears a postmarked date of 7 May 2012, a Monday. Upon receipt of Patin Group’s application, we directed an order to the parties to document and explain with affidavits and/or depositions their assertions.
Affidavits of Rosalind E. Lobrano, a paralegal to Jonathan Andry, Esq. (“An-dry”) and Kailey L. LeBeouf, Esq., an attorney for Patin Group, were submitted. Ms. Lobrano asserts in her affidavit that she opened the letter with the notice of judgment on 8 May 2012, the date the letter was received, and date stamped the envelope in which the notice was enclosed to reflect the date it was received. However, no copy of the envelope with the date stamp of the receipt has been furnished to this court. Ms. LeBeouf asserts in her affidavit that on 10 April 2013 she met with Kelly Brossette, the minute clerk of Judge Irons, requesting her |gto sign an affidavit attesting to the policy by which judgments rendered by Judge Irons are mailed. Ms. Brossette refused to sign an affidavit. Ms. LeBeouf further asserts she met with the deputy clerk of court for Judge Irons in the clerk of court’s office requesting that the clerk sign an affidavit attesting to the policy by which judgments rendered by Judge Irons are mailed; that unidentified deputy clerk also refused to sign an affidavit.
*558 By law, a minute clerk of a judge of the Civil District Court is appointed by the judge for whom he or she will work and is a deputy clerk of the Civil District Court for all purposes. La. R.S. 13:1211; 12:1136 F.,La. C.C.P. art. 256 states:
The minute clerk of. a court shall keep the minutes of the court daily when in session and transcribe them into the minute book, as required by Article 254; shall file all pleadings and documents tendered for filing in open court; and shall perform such other duties as are assigned to him by law, the court, and the clerk with the approval of the court.
The minute clerk of a trial court shall administer the oath to jurors and witnesses and shall file all exhibits offered in evidence, when directed to do so by the court. If there are two or more judges on a trial court, its rules may require a minute clerk for each division thereof.
When a court has no minute clerk, and there is no deputy clerk available for such duty, the clerk shall perform all of the duties of the minute clerk.
And La. R.S. 13:1 states:
The minute clerks of the court of appeals and of the civil and criminal district courts of the parish of Orleans shall attend the sessions of the court for which they are appointed, and shall, under the supervision of the judge or judges of the courts, keep the minutes of the court, issue all notices, copies of rules and orders entered on the minutes, which are required to be issued, and make due entries on the dockets of the causes and of the proceedings therein, and shall perform such other duties as the judges may direct. [Emphasis supplied.]
|sThe failure of a minute clerk to accurately and precisely perform his or her duties is misfeasance per se and may, under certain circumstances, be malfeasance and/or subject the clerk and court to claims of damages.
The failure of a minute clerk to correctly state the date of the actual mailing of a notice of judgment as required by La. C.C.P. art. 1914 D is misfeasance, because section D states “The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of judgment was mailed.”
We take judicial notice of the fact the second weekend of the New Orleans Jazz and Heritage Festival, an extremely popular and well-attended New Orleans cultural event, occurred on 3-6 May 2012. Although lacking any evidence in the record before us precisely, it is certainly possible that employees of the Civil District Court may have departed the courthouse in haste on 3 May 2012 and delayed the actual mailing of the notice of judgment in this case until Monday, 7 May 2012, not realizing the harm that such inaccuracy of the date stated in the notice of judgment could create.
Appeals are favored in the law. We find that it is more likely than not that the notice of judgment in this case bears the incorrect date of 3 May 2012 and should have borne the date of 7 May 2012. We find that it is more likely than not that the notice of judgment was actually mailed on 7 May 2012. Accordingly, Patín Group’s appeal of the judgment in this case is timely and we have jurisdiction in this matter. Accordingly, we vacate our earlier holding dismissing the appeal of Patín Group as .untimely and proceed to address the merits of Patín Group’s appeal.
|4We reaffirm our statement of facts as contained in our original opinion of 27 March 2013.
*559 On appeal, Patin Group asserts that the trial court erred by enforcing the agreement they entered into with SML because the agreement was merely an accessory obligation, a guaranty, and therefore a contract of suretyship, to the 27 February 2002 judgment which was extinguished when the judgment prescribed on 27 February 2012 having not been timely revived. See La. C.C. arts. 1973, 3035, 3059, and 3060. We disagree.
We find that a meeting of the minds occurred between the parties and a new agreement independent of the laws of suretyship was formed whereby Patin Group became bound to pay the full indebtedness of Cedric to SML if Cedric did not pay as agreed.
As SML (the judgment creditor) closed in on successful collection efforts respecting their 27 February 2002 judgment by virtue of garnishment of Cedric’s compensation as an employee of Patin Group, Andry filed as counsel of record for Patin Group on 20 April 2009 the “Garnishee’s Answers to Interrogatories.”[1] This was done in an apparent effort to protect Patin Group from being cast in judgment for Cedric’s and P R Contractor Inc.’s (“PRC”) debt to SML commemorated by the 2002 judgment. Thereafter, Andry never filed a motion to withdraw as counsel of record for Patin Group; ergo, his legal representation of Patin Group continued throughout these proceedings and remains in effect today. An agreement was reached shortly before the proceedings in open court on 15 December 2011 as to how Cedric would pay a portion of the judgment in lieu of the principal amount, |saccrued judicial interest, and costs. An-dry apparently negotiated with SML’s counsel on behalf of Patin Group.
At the 15 December 2011 hearing in open court, Cedric, Andry, and counsel SML were present. Andry clearly represented Patin Group thereat by virtue of his previous enrollment as counsel for that entity. Cedric represented himself. Jeffrey Prattini, Esq., represented SML. A compromise in strict conformity with La. C.C. art. 3071 was read into the record.[2] Andry was holding Cedric’s first installment payment pursuant to the agreement in his attorney’s trust/escrow account that day. Andry makes a statement at that hearing that “I hope to be appearing as a friend of the Court and the parties trying to resolve the case.... ” That statement, however, does not permit Andry to argue that he appeared in court that day not formally representing anyone; he appeared before the trial court as counsel and mandatory for Patin Group by virtue his formal appearance as counsel of record never withdrawn.[3] See Rule 1. 16, Louisiana Rules of Professional Conduct.
On 30 January 2012, Andry filed a “Motion to Enforce Settlement” wherein he represented that he was now counsel of record for PRC and Cedric Patin,” appearing in the proceedings to enforce the *560 agreement (compromise) dictated into the record on 15 December 2011. Andry continued to represent Cedric and PRC and continues to represent them in these proceedings today. Andry thereafter filed | fipleadings on behalf of Cedric and PRC (“Defendants”)[4] and appeared in open court on their behalf.
When Cedric failed to pay strictly in accordance with the agreement as dictated on 15 December 2012, SML had the right to enforce the dictated agreement. The trial court did not err as a matter of law or fact in rendering its judgment; the trial court judgment is not manifestly erroneous or clearly wrong. Patín Group is now liable for the full amounts owed by Cedric. We affirm the trial court’s judgment of 3 May 2012 as it confirmed the settlement dictated in open court on 15 December 2011.
As we noted in our original opinion, the trial court never rendered a judgment on that part of SML’s motion to enforce the agreement wherein SML sought a money judgment against Patín Group.[5] A remand for further proceedings is in order to do so.
REHEARING GRANTED; JUDGMENT AFFIRMED; REMANDED.
BAGNERIS, J., dissents.
LOB RANO, J., concurs in the result.

. The Garnishee’s Answers begins with the language, "NOW COMES Garnishee, J.C. Pa-tin Group, L.L.C., through undersigned counsel ... ” and is "Respectfully Submitted" by Andry.

. Although the formal document that had been prepared had a caption reading "Guaranty,” it is well-settled law that a caption does not govern what a document actually is. A reading of the document (which is different than what was formally read into the record in open court) clearly indicates that it was not intended to be a suretyship agreement; rather it was intended to be a separate and distinct contract.

.Any argument that Andry exceeded his mandate from Patin Group and Joseph C. Patin (Cedric’s father) is not an issue before this court.

. These pleadings and other documents and their dates of filing include as follows:
"Motion to Withdraw Motion to Enforce Settlement” 29 February 2012
"Ex Parte Motion to declare Judgment Null and Void” 29 February 2012
"Motion for Expedited Hearing” 1 March 2012
"Memorandum in Support of Motion to declare Judgment Null and Void and Reply to Plaintiff's Opposition to Motion to Declare Judgment Null and Void” 19 April 2012
"Opposition to Plaintiff's Motion to Enforce Guaranty And Opposition to Plaintiff’s Supplemental Memorandum in Support of Motion to Enforce Guaranty” 19 April 2012

. We express no opinion whether the matter can be heard as summary matter or must proceed by ordinary proceedings,